**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT J. KOSCH, JR.,<br><br>Plaintiff,<br>v.<br><br>THE NATIONAL REPUBLICAN PARTY et al.,<br><br>Defendants. | Civil Action No.: 2:22-3831<br><br>**ORDER** |

**CECCHI**, **District Judge.**

Plaintiff Robert J. Kosch, Jr. ("Plaintiff") proceeds *pro se* and seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. ECF No. 1. Having considered Plaintiff's *in forma pauperis* application, the Court concludes that Plaintiff has adequately established that his financial condition renders payment of the $402.00 filing fee a hardship; thus, the Court finds that Plaintiff qualifies for *in forma pauperis* status.

In addition, this Court has screened Plaintiff's Complaint *sua sponte* to determine whether it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation

omitted). A claim is facially plausible when supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating the sufficiency of a complaint, the court accepts all factual allegations as true, draws all reasonable inferences in favor of the non-moving party, and disregards legal conclusions. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231–34 (3d Cir. 2008). *Pro se* complaints are liberally construed and held to less stringent standards than pleadings drafted by lawyers; however, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013) (citation omitted).

Plaintiff brings this action against the National Republican Party, Donald J. Trump, Rudolph Giuliani, Donald Trump, Jr., and unidentified Republican Party officials, alleging, among other things, that these Defendants violated 42 U.S.C. § 1985 by interfering with the 2020 presidential election. Specifically, Plaintiff alleges that Defendants' conduct beginning November 3, 2020 and culminating with events at the United States' Capitol Building on January 6, 2021 "placed [his] lawfully casted vote at risk of being not counted, destroyed, or stolen," and thus violated Plaintiff's "[r]ight to vote independently." ECF No. 1-1 at 3. Likewise, Plaintiff contends that Defendants allowed their political party and its members to make deceiving and misrepresentative statements about the validity of the 2020 election, "placing [his] voting rights in constant risk." *Id.* at 4.

Before the Court may address the sufficiency of the Plaintiff's allegations, the Court must first screen the Complaint to determine the jurisdictional issue of whether Plaintiff satisfied the requirements of standing pursuant to Article III of the United States Constitution. To establish standing, a plaintiff must show: (1) an injury in fact, (2) causation, and (3) redressability. *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). To demonstrate that he has suffered an injury in

fact, a plaintiff must establish that he "suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo v. Robbins*, 578 U.S. 330, 339 (2016) (citation omitted). "The party invoking federal jurisdiction bears the burden of establishing [standing]." *Lujan v. Defenders of Wildlife et al.*, 504 U.S. 555, 561 (1992).

Here, Plaintiff has failed to demonstrate that he has suffered a concrete and particularized injury in fact, and thus this Court has no jurisdiction to hear his claims. Plaintiff alleges that Defendants' conduct put his voting rights "at risk," but does not allege that he suffered any particular, cognizable harms. Indeed, Plaintiff makes no allegations that he was denied an ability to vote in the 2020 election or that his vote was not counted. *See Woods v. Way*, No. 21-cv-12272, 2022 WL 557854, at *3 (D.N.J. Feb. 24, 2022) (finding no standing in voting rights matter where plaintiff made no allegations that his ability to vote had been impaired). Further, to the extent that Plaintiff alleges generally that Defendants' conduct put his rights or the rights of others similarly situated at risk, such generalized allegations regarding voting rights are insufficient to meet standing's injury in fact requirements. *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 259–60 (3d Cir. 2009). In sum, Plaintiff's allegations amount to "conjectural or hypothetical" injuries that cannot satisfy Article III standing. *Spokeo*, 578 U.S. at 339.

Accordingly, it is on this 13th day of January, 2023,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis*, (ECF No. 1-2), is hereby **GRANTED**; and it is further

**ORDERED** that the Clerk of Court shall **DISMISS** the Complaint, (ECF No. 1), without prejudice; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days from the entry of this Order to file an

amended complaint that comports with the Court's ruling herein; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Plaintiff by regular mail and shall **CLOSE** this file.

**SO ORDERED.**

s/ Claire C. Cecchi

**CLAIRE C. CECCHI**
**United States District Judge**